IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| KELLIE H. NELSON,<br><br>    Plaintiff,<br><br>vs.<br><br>DOUGLAS C. MELVIN, MICHAEL CHERTOFF, SECRETARY OF HOMELAND SECURITY, UNITED STATES, and DOES 1-10,<br><br>    Defendants. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br><br>Case No. 1:08 CV 097 (TC) |

      In this action filed pursuant to Title VII of the Civil Rights Act of 1964, Kellie Nelson argues that while she was working for the U.S. Transportation Security Administration ("TSA") at Boise Airport in Idaho, she suffered from sex discrimination, endured a hostile work environment and was unlawfully retaliated against. This allegedly unlawful conduct continued after she transferred to work for TSA at an airport in California. Related to these events, Ms. Nelson presents claims of intentional infliction of emotional distress and negligent infliction of emotional distress. Because the court concludes that venue is improper in Utah, Defendants' motion to dismiss without prejudice is granted.

**BACKGROUND**

      Ms. Nelson alleged the following facts in her Amended Complaint. She was employed with TSA as an aviation security inspector at the Boise Air Terminal in Boise, Idaho. Beginning in June 2005, officials there, including Defendant Douglas Melvin, subjected her to wrongful,

severe and pervasive harassment based on her sex.  Among other offenses, Mr. Melvin failed to complete documents that were required for Ms. Nelson to receive an increase in pay, denied her reasonable access to systems for reporting harassment, denied her credit for special projects she performed, gave more opportunities to her male colleagues, and provided bonuses and opportunities to her male colleagues and not to her.  Ms. Nelson also claims that she was retaliated against for opposing discrimination by agency officials.  The improper conduct allegedly continued after Ms. Nelson transferred to work at John Wayne Airport in Orange County, California in September 2006, until Mr. Melvin resigned from TSA in February 2007.

As a resident of Utah, Ms. Nelson filed this Title VII suit in August 2008 against Mr. Melvin, who apparently lives in Idaho, and Secretary Michael Chertoff of the U.S. Department of Homeland Security ("Defendants").  (See Compl., Docket No. 2.)  She filed an Amended Complaint in September 2008.  (Am. Compl., Docket No. 5.)

Citing 42 U.S.C. § 2000e-5(f)(3), the specific venue provision for Title VII actions, Defendants ask the court to dismiss or, alternatively, to transfer Ms. Nelson's suit because, Defendants claim, venue is improper here.  Defendants contend that Utah is an improper venue because none of the events happened in the state, the relevant employment records are not maintained or administered in the state, nor can Ms. Nelson demonstrate that she would have lived in the state but for the challenged conduct.

## ANALYSIS

**Venue**

Title VII actions are governed by specific venue provisions.[1]  Pierce v. Shorty Small's of

---

[1] Although Ms. Nelson alleges in her complaint that venue is proper in Utah pursuant to 28 U.S.C. § 1391(e)(3), she does not cite a specific venue provision.

Branson, Inc., 137 F.3d 1190, 1191 (10th Cir. 1998). 42 U.S.C. § 2000e-5(f)(3) dictates that a Title VII action may only be brought:

> [1] [in] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice.

Id. When a defendant is not found in a district provided for by these options, § 2000e-5(f)(3) allows a plaintiff to bring an action "within the judicial district in which [she or he] has [a] principal office." Id.[2]

If a plaintiff brings a Title VII action in a judicial district that does not comport with the requirements of § 2000e-5(f)(3), venue is improper. See Kenney v. Millenium Rail, Inc., No. 06-5169, 2007 WL 915086 (10th Cir. March 28, 2007) (affirming district court's dismissal as defendant brought action in the wrong venue under § 2000e-5(f)(3)); Kenney v. NKC of Am., No. 06-5194, 2006 WL 3598432 (10th Cir. Dec. 12, 2006) (same); Pierce, 137 F.3d at 1192 (same). The plaintiff has the burden to demonstrate that the chosen forum is proper when venue is challenged. E.g., Home Ins. Co. v. Thomas Indus., Inc., 896 F.2d 1352 (11th Cir. 1990); Walker v. U.S. Postal Serv., No. 06 CV 01754, 2007 WL 2261695, *2 (D. Colo. July 16, 2007); Kearns v. Henderson, No. 99 CV 2211, 1999 WL 615891 *1 (D. Kan. July 16, 1999).

Because Defendants have challenged venue in this court, Ms. Nelson must demonstrate that either (1) the unlawful employment practice at issue took place in Utah; (2) the employment records relevant to this practice are maintained and administered in Utah; or that (3) she would

---

[2]This final provision of § 2000e-5(f)(3) is not relevant here.

have been working in Utah but for this practice.³ In attempting to demonstrate that her chosen forum is proper, Ms. Nelson may rely on the well-pled facts of her amended complaint to the extent that these facts are uncontroverted by evidence submitted by Defendants. See Pierce, 137 F.3d at 1192 (concluding there was "sufficient contravention to defeat the venue allegation in plaintiff's complaint").

### 1.    Location of the Unlawful Employment Practice

According to Ms. Nelson, Mr. Melvin and other TSA officials subjected her to "wrongful, severe and pervasive harassment, discrimination on account of her sex, female, and retaliation for opposing discrimination in the workplace." (Am. Compl. 2, Docket No. 5.)  This treatment lasted over the course of twenty months while Ms. Nelson was at Boise Airport in Idaho and after she transferred to John Wayne Airport in Orange County, California.  It lasted until Mr. Melvin resigned in February of 2007.

Although the Amended Complaint includes greater detail regarding events, recitation is not necessary here for purposes of considering Defendants' venue challenge.  Based on Ms. Nelson's allegations, venue would be proper in any judicial district in Idaho or California because that is where the unlawful employment acts occurred.⁴

### 2.    Location of Employment Practice Records

For purposes of a Title VII venue analysis, a court should not consider the location of just

---

³The court does not consider the fourth option, because the respondent is found within a district provided for by at least one of the other three provisions of § 2000e-5(f)(3).

⁴Although Ms. Nelson discusses John Wayne Airport in other parts of the Amended Complaint, she exclusively refers to the "working conditions" at Boise Airport in her first cause of action, "harassment in violation of 42 U.S.C. §2000e et. seq." (sic). (Am. Compl. 12-13, Docket No. 5.)  This harassment was "both subjectively and objectively pervasive as to constitute a prima facie case of harassment based on gender." (Id.)  Management level employees at TSA were "made aware . . . [but they] failed to discipline, admonish, or investigate the claims made against their agents and employees." (Id. 13.)

any employment record.  Rather, venue is proper only in the judicial district where the "complete master set of employment records is maintained and administered."  45B Am. Jur. 2d Job Discrimination § 1882 (2d  ed. 2008); see, e.g., Washington v. Gen. Elec. Corp., 686 F. Supp. 361 (D.D.C. 1988) ("Although Congress could have easily have written the statute to make venue proper in any judicial district in which employments records may be found, it did not choose to do. . . . Congress intended venue to lie on the basis of the presence of records only in the one judicial district in which the complete, master set of employment records is maintained and administered." (emphasis in original) (quotations omitted)).

Ms. Nelson does not discuss in her Amended Complaint the location where the records relevant to these unlawful employment practices are maintained and administered.  But Defendants have submitted the affidavit of Moira Denning, an attorney-advisor with TSA's Office of Chief Counsel.  Ms. Denning explains that the "substantial majority of the TSA records potentially relevant to this matter are maintained and administered in the District of Idaho where the vast majority of present and former TSA employees with knowledge of this matter still live and work."  (Decl. Moira O. Denning, Docket No. 10.)

And although Ms. Nelson contends that her personal records are located in Utah, Defendants explain that these records are merely a copy.  The "official records" of TSA employees are actually maintained and administered in Arlington, Virginia at the agency's headquarters.  (Reply, 18-19, Docket No. 23.)  Cf. Dawson, 2005 WL 2850231 at *1 (noting in racial discrimination case that the relevant master set of employment records were maintained at the headquarters of the U.S. Department of Defense in Arlington, Virginia).

As Ms. Nelson fails to meet her burden and does not present any evidence to the contrary, the court concludes that venue in light of these considerations is proper in either the Eastern

District of Virginia or in the District of Idaho.

          3.      <u>Location Where Ms. Nelson Would Have Worked</u>

Ms. Nelson states that after she got her job for TSA at Boise Airport, she "purchased a home in the Boise area." (Am. Compl., 6, Docket No. 5.) Her " family had settled in Boise." (<u>Id.</u>) Ms. Nelson was afraid that if she had to transfer from Idaho due to Mr. Melvin's conduct, it would cause a "major disruption of her family and their finances." (<u>Id.</u>) Ms. Nelson was in "fear for her family's well-being." (<u>Id.</u>) Ms. Nelson transferred to the John Wayne Airport in California only after she was threatened that her employment would be terminated. According to Ms. Nelson, she wanted to "escape" Mr. Melvin's unlawful conduct. (<u>Id.</u>)

In light of these allegations, the court concludes that venue would be proper pursuant to § 2000e-5(f)(3) in any judicial district in Idaho because Ms. Nelson would have continued working there if the unlawful employment practices hadn't occurred.

**Remedy for Improper Venue**

The court concludes that the only connection Utah has with this case is the fact that Ms. Nelson happened to live in the state when she filed it. When venue is improper in the plaintiff's chosen forum, a court may dismiss or transfer the case to a proper venue. 28 U.S.C. § 1406(a); <u>see</u> Fed. R. Civ. P. 12(b)(3). The decision of whether to dismiss or to transfer the case "lies within the sound discretion of the district court." <u>Pierce</u>, 137 F.3d at 1191; <u>see also</u> <u>Ballesteros v. Ashcroft</u>, 452 F.3d 1153, 1160 (10th Cir. 2006) (recognizing in civil cases that the decision of whether to dismiss or transfer for improper venue is within the district court's sound discretion); <u>Folino v. Am. Airlines, Inc.</u>, No. 93-1030, 1993 WL 307898 (10th Cir. Aug. 13, 1993) (concluding district court did not abuse its discretion in dismissing Title VII action for improper venue).

Ms. Nelson's Amended Complaint suggests that she entirely overlooked the applicable provision for venue under Title VII.  (See Am. Compl. 2, Docket No. 5 (citing 28 U.S.C. § 1391(e)(3)).  Furthermore, Ms. Nelson failed to meet her burden after Defendants challenged her chosen forum and to demonstrate that Utah is proper.

The facts as plead in the Amended Complaint do not suggest a sole proper venue.  Evidence submitted by the Defendants suggests that venue could be perfectly appropriate under § 2000e-5(f)(3) in Idaho, California or the Eastern District of Virginia; Ms. Nelson has not indicated which of these venues would be her preference.  See Folino, 1993 WL 307898 at *1 (affirming district court's dismissal of a Title VII claim where "[p]laintiff cited no reason why dismissal would be inappropriate and failed to advise the court in which district venue would be proper"); cf. Bowie v. U.S. Food Serv., No. 08-05833, 2009 WL 637382 (E.D. Pa. March 11, 2009) (transferring Title VII case where "the alleged unlawful practice, relevant employment records and primary place of employment were all in New Jersey, [and] the District of New Jersey is the only proper venue").  Moreover, Ms. Nelson has not given any reasons why this case should be transferred and not dismissed.

Given Ms. Nelson's failure to meet her burden, the complete lack of guidance offered to the court, and the interests of judicial economy in having any case be brought in the proper and chosen venue, the court concludes that dismissal is warranted.  The court declines to exercise jurisdiction over her tort claims.

&gt;

&gt;

&gt;

&gt;

**ORDER**

For the reasons set forth, Defendants' Motion to Dismiss for Improper Venue (Docket No. 12.) is GRANTED without prejudice.

DATED this 11th day of May 2009.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
Chief Judge